**Entered on Docket
October 16, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
OCT 16 2007
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Guiseppe Enzo Cecconi,<br><br>                   Debtor. | Case No. 02-50653-ASW<br><br>Chapter 304<br>Ancillary Proceeding |
| Sarah Cecconi,<br><br>                   Plaintiff,<br><br>vs.<br><br>Guiseppe Enzo Cecconi,<br>A.C. Spicer, Trustee in Bankruptcy<br>(under U.K. insolvency laws),<br><br>                 Defendants. | Adversary Proceeding<br>No. 03-5024 |
| A.C. Spicer, Trustee in Bankruptcy<br>(under U.K. insolvency laws),<br><br>               Counter-Claimant,<br><br>vs.<br><br>Sarah Cecconi,<br><br>             Counter-Defendant. | |
| A.C. Spicer, Trustee in Bankruptcy<br>(under U.K. insolvency laws),<br><br>             Cross-Complainant,<br><br>vs.<br><br>Guiseppe Enzo Cecconi,<br><br>             Cross-Defendant. | |

MEMORANDUM DECISION RE REQUEST FOR MONETARY SANCTIONS

Before the Court is the request ("Request") of A.C. Spicer, Trustee in Bankruptcy (under U.K. Insolvency Laws) ("Trustee") for monetary sanctions against Plaintiff Sarah Cecconi ("Plaintiff") based on this Court's award of monetary sanctions for Plaintiff's alteration of original evidence before trial and after Plaintiff knew of Trustee's claims against her. Trustee requests sanctions in the amount of $116,373.50 for attorneys fees incurred as a result of Plaintiff's alteration of evidence. Alternatively, Trustee requests an award of $136,150 representing 15% of the attorneys fees incurred after the discovery of the altered evidence plus attorneys fees incurred in bringing this Request. Plaintiff opposes the Request and proposes a monetary sanction of $25,000.

The Court took the Request under submission at the June 7, 2007 hearing on this matter. Trustee is represented by Mary Jo Shartsis, Esq. of Shartsis, Friese & Ginsburg LLP. Plaintiff is represented by Paul S. Avila, Esq. of McPharlin, Sprinkles & Thomas LLP. Patric J. Kelly, Esq. of Adleson, Hess & Kelly appeared for Plaintiff's husband, Enzo Cecconi ("Debtor"), at the June 7 hearing. This Memorandum Decision constitutes the Court's findings of fact and conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.

FACTS

Trustee is the trustee in Debtor's involuntary bankruptcy case pending in the United Kingdom. Trustee filed an ancillary proceeding under 11 U.S.C. § 304 in this Court on January 7, 2002, to obtain a determination that Debtor held a community property

interest in the house and property located at 3190 Del Ciervo Drive, Pebble Beach, California (the "Property"). Plaintiff filed her Complaint to Establish Purchase Money Resulting Trust against Debtor and Trustee on January 15, 2003, seeking, inter alia, a determination that the Property was Plaintiff's sole and separate property.

In the litigation, Trustee served Plaintiff with a First Set of Requests for Production to Plaintiff Sarah Cecconi ("Document Request") on or about April 1, 2003. In responding to the Document Request, Plaintiff reviewed her financial records from her father's office. Plaintiff's father had managed and directed Plaintiff's financial affairs from 1980 until his death in 1997.

When Plaintiff collected documents to produce to Trustee, Plaintiff removed her social security number, telephone number and Wells Fargo Bank account number from original documents. Plaintiff also removed her mother's address from Wells Fargo Bank documents. Plaintiff had several conversations with her counsel, Elaine Seid, Esq., before whiting out the personal information and understood from those conversations that whiting out the personal information was permissible. Plaintiff also removed Debtor's name from some insurance documents. Plaintiff removed this information by whiting out the information on the original documents.

Ms. Seid knew that Plaintiff had whited out the private information prior to producing copies of the documents in response to the Document Request. The only communication to counsel for Trustee regarding the whiting out of the produced documents was a statement in the formal written response to the Document Request

objecting to disclosure of Plaintiff's personal information.[1] Counsel for Trustee was not notified specifically of the whiting out of produced documents. Plaintiff's counsel was not aware that Plaintiff had whited out Debtor's name on the insurance documents at the time those documents were produced to Trustee in a supplemental production in January 2004.

On the eve of trial, Trustee brought a Motion for Evidentiary Sanctions Against Adversary Plaintiff Sarah Cecconi ("Sanction Motion") based on Plaintiff's alteration of certain produced documents. In the Sanction Motion, Trustee requested that this Court dismiss Plaintiff's claims for Plaintiff's alteration of the produced documents. Alternatively, Trustee requested an order deeming that Plaintiff's alteration of the produced documents is an admission that the altered documents showed that Debtor was a beneficial owner of the Property. Trustee also requested that counsel for Plaintiff certify under penalty of perjury that Plaintiff had not altered any other documents and had not failed to produce any documents responsive to Trustee's discovery requests. Absent such certification, Trustee requested that the Court establish the adverse inference that specific documents, namely the escrow instructions for the Property, contracts for architectural and construction work on the Property and additional insurance

---

[1] The relevant statement says: "Objection is made to each request for production to the extent it calls for attorney/client and/or work-product privileged information; for personal information of responding party to which responding party asserts her privacy rights, including, but not necessarily limited to P.O. Box numbers used by responding party, telephone numbers and her social security number." Response of Sarah Cecconi to First Set of Request for Production of Documents of A.C. Spicer at 2:11-15.

policies contain statements supporting the claim that Debtor and Plaintiff owned the Property as community property.

The Sanction Motion was argued at the start of the trial. The Court asked Trustee if Trustee would like to continue the trial to conduct discovery regarding the whiting out of the produced documents, and noted that Trustee would be entitled to have the fees for Trustee's counsel for taking such discovery paid for by Plaintiff. Trustee decided not to postpone the trial to conduct more discovery regarding the alteration of evidence, but rather chose to address that issue through cross-examination at trial. The Court carried the Sanction Motion with the trial.

On April 17, 2007, this Court issued its Memorandum Decision After Trial where this Court found, <u>inter</u> <u>alia</u>, that dismissal of Plaintiff's claims was an inappropriate remedy for Plaintiff's actions as was exclusion of the evidence and having this Court draw an adverse inference against Plaintiff. This Court ordered Trustee to submit a request for a specific amount of fees, with evidentiary support, for the Court's consideration as to the appropriate amount of monetary sanctions.

On May 10, 2007, Trustee filed his Request. In the Request, Trustee requests sanctions in the amount of $85,223.50 based on a detailed analysis of the daily time entries in applicable invoices from the trial and post-trial period. According to Ms. Shartsis' declaration filed in support of the Request, prior to submitting the Request, Trustee's counsel reviewed all time entries in those invoices to identify relevant time entries and, to the extent necessary, reviewed the trial transcripts, exhibits, notes, and other documents to allocate time relating to the alteration of

evidence within each relevant time entry. As exhibits to the Request, Trustee listed redacted versions of the time entries that Trustee's counsel determined contained time related to the alteration of evidence. According to the declaration of Ms. Shartsis filed with Trustee's reply, if a time entry did not relate to the alteration of evidence, that entry was not included in the exhibits. For each time entry included in the exhibits, Trustee's counsel allocated that portion of time counsel believed related to the alteration of evidence. Trustee's counsel asserts that this a conservative allocation of the relevant time. As an alternate measurement of sanctions, Trustee requests 15% of the approximately $700,0000 in attorneys fees for the trial and post-trial briefing, or $105,000. Trustee has also incurred $31,150 in attorneys fees preparing the Request and replying to Plaintiff's opposition to the Request. In full, Trustee requests an award of either $116,373.50 or $136,150, if the Court uses the 15% allocation.

Plaintiff opposes the Request on the basis that the Request for $85,223.50 in fees is unreasonable asserting that a vast majority of the "relevant" fees do not relate to Plaintiff's alteration of documents. Plaintiff argues that most of the fees were incurred in Trustee's request for terminating or evidentiary sanctions on the basis of other discovery violations Trustee alleged and strenuously argued, but never substantiated. Plaintiff objects to the $22,593 in fees incurred in preparing the Request on the basis that Trustee failed to provide any billing records or other descriptive information to support those fees, so Trustee has failed to show that the fees were incurred as a direct result of Plaintiff's

discovery violation and those fees are reasonable.[2] Plaintiff asserts that a reasonable award for monetary sanctions is $25,000 -- which Plaintiff claims is the amount of attorneys fees that Trustee reasonably incurred in discovering and clarifying the nature of the altered evidence, in bringing and arguing the initial Sanction Motion, plus the limited additional trial time and post-trial briefing reasonably necessary to bring the largely uncontested matter to conclusion.

II.

ANALYSIS

Monetary sanctions should be awarded for the amount of attorneys fees that are reasonable in light of the degree of Plaintiff's culpability in the alteration of documents. In re Napster, Inc. Copyright Litigation, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006). Attorneys fees should be reviewed under a standard of whether the fees were reasonable at the time the fees were incurred and not with the benefit of hindsight. See, e.g., In re Mednet, MPC, 251 B.R. 103, 108 (9th Cir. BAP 2000) (by analogy, attorneys fees under Bankruptcy Code § 330 are deemed reasonable if those fees were necessary or beneficial at the time incurred irrespective of whether the services resulted in a material benefit to the estate).

Both parties agree that reasonable attorneys fees include those fees incurred in Trustee's investigation of the scope and extent of Plaintiff's alteration of documents. Two weeks before the start of

---

[2] Trustee filed with his reply papers time entries to support the $31,150 in attorneys fees requested for preparing the Request and replying to Plaintiff's opposition.

MEMORANDUM DECISION RE
REQUEST FOR MONETARY SANCTIONS  7

trial Plaintiff acknowledged that she had altered original evidence before copying that evidence and producing the copies to Trustee. Trustee decided to proceed with the trial rather than postponing the trial and conducting further discovery. Trustee agreed to address any factual issues regarding the alteration of evidence in cross-examination at trial.

Trustee divides the requested fees into a Pre-Trial and Trial Category and a Post-Trial Category, but includes the invoices for the months of August 2005 and September 2005 -- when the time entries relate to the Post-Trial Brief -- in the Pre-Trial and Trial Category. The Court has reviewed Trustee's "relevant" time entries and has allocated the hours and fees into the following categories:

| **Category** | **Hours** | **Fees** |
| --- | --- | --- |
| Pre-Trial Matters | 40.0 | $13,657.50 |
| Trial | 117.2 | $39,774.50 |
| Post-Trial Brief | 46.8 | $17,525.50 |
| Post-Trial Reply Brief | 15.2 | $5,534.50 |
| Closing Arguments | 5.5 | $2,092.50 |
| Supplemental Brief | <u>14.4</u> | <u>$6,639.00</u> |
| Subtotal | 239.1 | $85,223.50 |
| | | |
| Sanctions Request | 43.8 | $22,593.50 |
| Reply to Sanctions Request | <u>15.7</u> | <u>$8,556.50</u> |
| Grand Total | 298.6 | $116,373.50 |

The Court has thoroughly reviewed the exhibits submitted with the Request and finds that all of the "relevant" time entries related to pre-trial matters and the trial appear to be reasonable.

Specifically, the Court finds the 117.2 "relevant" hours of attorney and paralegal time to address the alteration of evidence issue at trial are reasonable. Trustee had wide discretion and latitude at trial to determine the scope of Plaintiff's actions related to discovery issues. Plaintiff's alteration of original documents increased Trustee's level of scrutiny regarding all of Plaintiff's actions with respect to discovery. Moreover, it was difficult for Trustee to discern from the copies exactly which documents had been altered and Plaintiff did not provide Trustee with a list of those documents. It was Trustee who prepared a list of the documents Trustee believed were altered.

Plaintiff asserts that the Request includes fees for time incurred for Trustee's arguments that Plaintiff withheld documents and failed to produce documents responsive to discovery, which Plaintiff asserts is not reasonable. Trustee's counsel declares that Trustee allocated only those issues related to Plaintiff's alteration of original documents before the production of those documents. Trustee did not provide the Court with unredacted time entries nor with the full invoices, so the Court does not know the full amount of time spent on post-trial categories.

Trustee is entitled to an award of attorneys fees that is reasonable in light of Plaintiff's alteration of evidence. Plaintiff blatantly altered original evidence before trial and after Plaintiff knew of Trustee's claims against her, and did not fully disclose that alteration to Trustee. Trustee allocates 81.9 hours and $31,791.50 in fees for post-trial briefing and closing arguments related to the alteration of evidence issue. The Court allocates Trustee's relevant time entries as follows:

| Category | Hours | Fees |
|---|---|---|
| Post-Trial Brief: | | |
| Ms. Shartsis (at $485/hr) | 18.1 | $8,778.50 |
| Ms. Hespenheide (at $310/hr) | 27.7 | $8,587.00 |
| Paralegal time (at $160/hr) | 1.0 | $160.00 |
| Post-Trial Reply Brief: | | |
| Ms. Shartsis (at $485/hr) | 4.7 | $2,279.50 |
| Ms. Hespenheide (at $310/hr) | 10.5 | $3,255.00 |
| Closing Arguments: | | |
| Ms. Shartsis (at $515/hr) | 1.5 | $772.50 |
| Ms. Hespenheide (at $330/hr) | 4.0 | $1,320.00 |
| Supplemental Brief: | | |
| Ms. Shartsis (at $515/hr) | 10.2 | $5,253.00 |
| Ms. Hespenheide (at $330/hr) | 4.2 | $1,386.00 |
| Total | 81.9 | $31,791.50 |

Trustee had to research, brief and argue the issue of discovery sanctions as a result of Plaintiff's alteration of evidence. Trustee extensively quoted from the trial transcript in post-trial briefing in support of these arguments, requiring a detailed review of the trial transcript. This was necessary because much of the questioning of Plaintiff and other witnesses regarding the alteration of documents was conducted at the trial. The Court finds that the $31,791.50 in fees spent on post-trial briefing and closing arguments are reasonable for all post-trial activities related to Plaintiff's alteration of evidence.

Finally, Trustee requests $31,150.00 in fees for 59.5 hours of work preparing the Request and replying to Plaintiff's opposition. Trustee's counsel submitted time entries supporting these fees with

the reply papers. In her opposition, Plaintiff asked this Court to disallow those fees for Trustee's failure to substantiate them. Plaintiff did not comment on the reasonableness of specific time entries at the hearing. The Court will not disallow the fees related to the Request in full, but will review those fees for reasonableness. This Court finds that the fees are somewhat high under the circumstances.

A majority of those hours were incurred by Ms. Shartsis in reviewing the invoices and other documents in preparing the Request. Reviewing the invoices to determine which time entries were related to the alteration of evidence issue needed to be undertaken by either Ms. Shartsis or Ms. Hespenheide, the two counsel at the trial. Here Ms. Shartsis incurred 36.5 hours preparing the Request and 15.7 hours replying to Plaintiff's opposition. At a billing rate of $545 per hour, Trustee seeks $28,449.00 in fees for Ms. Shartsis' time alone. Normally it is not reasonable for the higher billing attorney to undertake such a review and Trustee has provided no evidence or reason why Ms. Hespenheide could not have performed the initial review of the invoices and prepared a draft reply -- the manner in which work was allocated in the majority of activities billed in this matter. As shown below, had Ms. Hespenheide performed the initial preparation of the Request and Ms. Shartsis reviewed the work, the amount of fees for the preparation of the Request and the related reply would have been $24,080.00 -- $7,070 less than the total fees currently requested by Trustee:

| Category | Hours | Fees |
|---|---|---|
| Request Preparation: | | |
| Ms. Shartsis (at $545/hr) | 7.3 | $3,978.50 |
| Ms. Hespenheide (at $370/hr) | 36.5 | $13,505.00 |
| Reply Preparation: | | |
| Ms. Shartsis (at $545/hr) | 4.5 | $2,452.50 |
| Ms. Hespenheide (at $370/hr) | 11.2 | $4,144.00 |
| Total | 59.5 | $24,080.00 |

The Court finds no basis for Ms. Shartsis to bill her hourly rate to perform work usually performed by Ms. Hespenheide in the first instance, and will reduce the fees requested for the preparation of the Request and the reply by $5,000.[3]

### III.

### CONCLUSION

For the reasons set forth above, this Court awards Trustee $111,373.50 in monetary sanctions against Plaintiff for Plaintiff's alteration of original evidence after knowing of Trustee's claims against Plaintiff. Counsel for Trustee shall prepare a form of order and submit it to the Court, after review by counsel for Plaintiff.

Dated: 10/16/07

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

---

[3] If Ms. Hespenheide had performed the initial work on the Request and the reply, Ms. Shartis might have reasonably charged some additional time to review Ms. Hespenheide's work and the reply. The Court is accounting for that potential additional time by not reducing the fees for preparation of the Request and reply by the full $7,070 difference.

MEMORANDUM DECISION RE REQUEST FOR MONETARY SANCTIONS 12

1  Court Service List

2  Patric J. Kelly, Esq.
   Adleson, Hess and Kelly
3  577 Salmar Ave. 2nd Fl.
   Campbell, CA 95008
4
   Mary Jo Shartsis, Esq.
5  Shartsis Friese LLP
   1 Maritime Plaza 18th Fl.
6  San Francisco, CA 94111

7  Paul S. Avila, Esq.
   McPharlin, Sprinkles & Thomas LLP
8  10 Almaden Blvd, Suite 1460
   San Jose, CA 95113
9
   U.S. Trustee
10 Office of the U.S. Trustee
   U.S. Federal Bldg.
11 280 S 1st St. #268
   San Jose, CA 95113-3004

MEMORANDUM DECISION RE
REQUEST FOR MONETARY SANCTIONS